FILED

2011 SEP -6 AM 9:19

[CLERK]
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and ) <br> STATE OF INDIANA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF ELKHART, INDIANA, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 2 11CV 328 |

## COMPLAINT

The United States of America ("United States"), by authority of the Attorney General of the United States and through the undersigned attorneys, acting on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Indiana ("Indiana"), by authority of its Attorney General and on behalf of the Indiana Department of Environmental Management ("IDEM"), allege as follows:

### INTRODUCTION

1. This is a civil action brought by the United States and Indiana against the City of Elkhart, Indiana ("Elkhart" or "Defendant"), seeking injunctive relief and civil penalties for Elkhart's violations of Sections 301 and 309 of the Clean Water Act ("CWA"), 33 U.S.C. §§1311 and 1319, Title 13 of the Indiana Code ("IND. CODE"), Title 327, Articles 2 and 5, of the Indiana Administrative Code ("IND. ADMIN. CODE"), and the National Pollution Discharge Elimination System permits ("NPDES Permits") that IDEM issued to Elkhart pursuant to the CWA.

## JURISDICTION, VENUE, AND AUTHORITY

2. This Court has jurisdiction over the subject matter of this action pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355. The State is a party to this action pursuant to CWA Section 309(e), 33 U.S.C. § 1319(e), and 28 U.S.C. § 1367(a).

3. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because the state claims are related to the federal claims and form part of the same case or controversy.

4. This Court has personal jurisdiction over Elkhart pursuant to CWA Section 309(b), 33 U.S.C. 1319(b).

5. Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. § 1391(b) and CWA Section 309(b), 33 U.S.C. § 1319(b), because defendant is located in this district and the acts or omissions that form the basis of this complaint occurred within this district.

6. As a signatory to this Complaint, Indiana has actual notice of the commencement of this action in accordance with CWA Section 309(b), 33 U.S.C. § 1319(b).

7. The Attorney General of the United States has authority to bring this action on behalf of the Administrator of EPA pursuant to Section 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

8. The Indiana Attorney General is authorized to appear and represent the State in this case pursuant to IND. CODE §§ 4-6-3-2(a), 13-30-4-1 and 13-14-2-6.

## DEFENDANT

9. Defendant City of Elkhart, Indiana, a political subdivision of the State of Indiana located in Elkhart County, Indiana, is a "municipality" and a "person" within the meaning of Section 502(4) and (5) of the CWA, 33 U.S.C. § 1362(4) and (5).

10. Defendant owns and operates a Wastewater Treatment Plant ("WWTP"), located at 1201 South Nappanee Street, Elkhart, Indiana, and a sewage collection system that collects sewage from residential, commercial, and industrial sources for the purpose of transporting them for treatment at the WWTP. Elkhart's WWTP serves an area covering the City of Elkhart and other portions of Elkhart County, Indiana.

## JOINDER OF A NECESSARY PARTY

11. When the United States sues a municipality of a State, CWA Section 309(e), 33 U.S.C. § 1319(e), requires joinder of the State as a party. Indiana is a co-plaintiff with the United States in this case. IDEM is authorized to implement the CWA within Indiana. IND. CODE § 13-13-5-1(1). Indiana regulations incorporate the CWA by reference. 327 IND. ADMIN. CODE 5-2-1.5(1).

## STATUTORY AND REGULATORY FRAMEWORK

A. **Prohibition Against the Discharge of Pollutants**

12. Pursuant to Section 301(a) of the CWA, 33 U.S.C. § 1311(a), the discharge of any pollutant by any person is unlawful except, among other things, in compliance with a NPDES permit issued by EPA or an authorized state, such as Indiana, pursuant to Section 402 of the CWA, 33 U.S.C. § 1342. Additionally, pursuant to 327 IND. ADMIN. CODE 5-2-2, Indiana prohibits the discharge of pollutants to "waters of the state" except as authorized by a duly issued

NPDES permit. Pursuant to CWA Section 502(12), "discharge of a pollutant" means, among other things, "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12); *see also* 327 IND. ADMIN. CODE 5-1.5-11 (similarly defining "discharge of a pollutant").

13. The CWA defines navigable waters to be "the waters of the United States, including the territorial seas." CWA Section 502(7), 33 U.S.C. § 1362(7). EPA regulations promulgated pursuant to the CWA define the term "waters of the United States" as including, among other things:

> (a) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce, including all waters which are subject to the ebb and flow of the tide; (b) all interstate waters . . . ; (c) all other waters such as intrastate lakes, rivers, [and] streams (including intermittent streams), . . . the use, degradation, or destruction of which would affect or could affect interstate or foreign commerce. . . ; (e) tributaries of waters [of the United States] . . . ; and (g) wetlands adjacent to [these] waters. . . .

40 C.F.R. § 122.2.

14. Indiana law defines "waters of the state" to include "the accumulations of water, surface and underground, natural and artificial, public and private; or . . . a part of the accumulations of water . . . that are wholly or partially within, flow through, or border upon Indiana." IND. CODE § 13-11-2-265.

15. The CWA and Indiana regulations define "pollutant" to include, among other things, sewage. CWA § 502(6), 33 U.S.C. § 1362(6); 327 IND. ADMIN. CODE 5-1.5-41.

16. The term "point source" is defined in CWA Section 502(14), 33 U.S.C. § 1362(14), as "any discernible, confined and discrete conveyance, including but not limited to any

4

pipe, ditch, channel, tunnel . . . from which pollutants are or may be discharged." *See also* 327 IND. ADMIN. CODE 5-1.5-40.

**B.    EPA and IDEM's Authority to Issue and Enforce NPDES Permits**

17.    Pursuant to CWA Section 402(a), 33 U.S.C. § 1342(a), EPA may issue to "persons" NPDES permits that authorize the discharge of any pollutant to navigable waters, but only in compliance with CWA Section 301, 33 U.S.C. § 1311, and such terms and conditions as EPA determines are necessary to carry out the provisions of the CWA.

18.    Pursuant to CWA Section 402(b), 33 U.S.C. § 1342(b), a State may establish and administer its own permit program and, after EPA approves its program, may issue NPDES permits. At all times relevant to this complaint, EPA approved IDEM's NPDES permit program for regulating discharges of pollutants into navigable waters within its jurisdiction. 40 Fed. Reg. 4,033 (Jan. 27, 1975). IDEM administers the NPDES permitting program in Indiana pursuant to IND. CODE § 13-13-5-1(1) and, with EPA, maintains concurrent enforcement authority over NPDES permits in Indiana.

**C.    Injunctive Relief for the Discharge of Pollutants**

19.    Pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), EPA has authority to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person violates, among other provisions of the Clean Water Act, CWA Section 301, 33 U.S.C. § 1311, or violates any of the terms or conditions of an NPDES permit. Additionally, Indiana may seek injunctive relief for violation of Indiana's water pollution control laws pursuant to IND. CODE §§ 13-30-1-1; 13-30-4-1(b)(2).

5

**D. Civil Penalties for the Discharge of Pollutants**

20. Pursuant to CWA Section 309(d), 33 U.S.C. § 1319(d), any person who violates, among other things, CWA Section 301, 33 U.S.C. § 1311, or who violates any condition or limitation of an NPDES permit issued pursuant to CWA Section 402, 33 U.S.C. §1342, shall be subject to a civil penalty not to exceed $25,000 per day of violation, with each day in which a violation occurs constituting a separate violation.

21. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note; Pub. L. 101-410, 104 Stat. 890 (1990)), as amended by the Debt Collection Improvements Act of 1996 (31 U.S.C. § 3701 note; Pub. L. 104-134, 110 Stat. 1321 (1996)), EPA promulgated the Civil Monetary Penalty Inflation Adjustment Rule. Under that rule, EPA may seek civil penalties of up to $27,500 per day for each violation occurring after January 30, 1997 and on or before March 15, 2004, $32,500 per day for each violation occurring after March 15, 2004 and on or before January 12, 2009, and $37,500 per day for each violation occurring after January 12, 2009. *See* 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7,121 (Feb. 13, 2004); 73 Fed. Reg. 75,345 (Dec. 11, 2008).

22. The provisions of 327 IND. ADMIN. CODE 5-2-20 and IND. CODE §§ 13-30-4-1 and 13-14-2-6 authorize Indiana to commence a civil action "in any court with jurisdiction" for appropriate relief to address environmental violations, including violations of Title 327 of the Indiana Administrative Code, Article 5. Such relief may include a civil penalty of up to $25,000 per day for each violation.

## GENERAL ALLEGATIONS

### A. Elkhart's Sewage Collection System

23. Defendant's sewage collection system collects and conveys to Defendant's WWTP sanitary sewage and other pollutants from the City of Elkhart and other portions of Elkhart County, Indiana, an area covering approximately 15,651 square acres, with a service population of approximately 52,000 people.

24. Defendant's sewage collection system, consisting of approximately 265 miles of pipe, conveys sewage and other pollutants to Defendant's WWTP, and includes both "combined sewers" (*i.e.,* pipes that carry both sewage and stormwater in the same pipe) and "separate sewers" (*i.e.,* two sets of pipes, one set to carry sewage and another for stormwater). Combined sewers make up approximately 39% of Defendant's sewage collection system, although the area contributing to the combined sewer system is 92% of the total system.

### B. Elkhart's 1997 Permit

25. On or about January 27, 1997, IDEM issued to defendant, under the authority of CWA Section 402, 33 U.S.C. § 1342 and IND. CODE § 13-13-5-1(1), NPDES Permit No. IN0025674 ("1997 Permit"), which authorized the operation of defendant's WWTP and sewage collection system. The 1997 Permit became effective on March 1, 1997. At Elkhart's request, IDEM removed some of the reporting requirements in the 1997 Permit by a minor amendment issued on February 12, 2001, which became effective on March 1, 2001 ("2001 Amendment"). The 2001 Amendment was unrelated to any of the allegations in this Complaint. Other than the 2001 Amendment, the 1997 Permit continued in effect from March 1, 1997 through and including October 31, 2006. Defendant's WWTP operations are addressed in Parts I, II and III of

the 1997 Permit. Discharges from defendant's CSO outfalls are addressed in Attachment A to the 1997 Permit.

26. Part I.A of Attachment A of Elkhart's 1997 Permit authorized discharges from 39 designated CSO outfalls that are located in the combined sewer portion of Defendant's sewage collection system, subject to the requirements and limitations of the Permit.

27. Part I.A of Attachment A of Elkhart's 1997 Permit authorized discharges from a single, designated outfall at the WWTP, "Outfall 035," subject to the requirements and limitations of the Permit.

28. Part I.B of Appendix A of Elkhart's 1997 Permit also provided that the discharge from any and all CSO outfalls shall not cause receiving waters to contain substances, materials, floating debris, or other pollutants that are in amounts sufficient to be deleterious or unsightly or otherwise impair the designated uses.

29. Part I.B of Attachment A of Elkhart's 1997 Permit prohibits "dry weather discharges" from the 39 designated CSO outfalls.

C.  **Elkhart's 2006 Permit**

30. On or about September 18, 2006, IDEM issued to defendant, under the authority of CWA Section 402, 33 U.S.C. § 1342 and IND. CODE § 13-13-5-1(1), NPDES Permit No. IN0025674 ("2006 Permit"), which authorized the operation of defendant's WWTP and sewage collection system. The 2006 Permit became effective on November 1, 2006 and expires on October 31, 2011. Defendant's WWTP operations are addressed in Parts I, II and III of the 2006 Permit. Discharges from defendant's CSO outfalls are addressed in Attachment A to the 2006 Permit.

8

31. Part I.A of Attachment A of Elkhart's 2006 Permit authorized discharges from 33 designated CSO outfalls that are located in the combined sewer portion of Defendant's sewage collection system, subject to the requirements and limitations of the Permit.

32. Part I.A of Attachment A of Elkhart's 2006 Permit authorizes discharges from a single, designated outfall at the WWTP, "Outfall 035," subject to the requirements and limitations of the Permit.

33. Part I.B of Attachment A of Elkhart's 2006 Permit provides, among other things, that the discharges from any and all CSO outfalls shall not cause receiving waters to contain substances, materials, floating debris, or other pollutants that are in amounts sufficient to be deleterious or unsightly, or otherwise impair the designated uses.

34. Part I.C of Attachment A of Elkhart's 2006 Permit prohibits "dry weather discharges" from the 33 designated CSO outfalls.

### D. Elkhart's CSO Discharges

35. During wet weather events, and during some dry weather time periods, a portion of the sewage that flows through Elkhart's combined sewers is not conveyed all the way to the WWTP but instead the untreated sewage is discharged into the St. Joseph River, Elkhart River, and Christiana Creek through some or all of 33 Combined Sewer Overflow ("CSO") outfalls. Those discharges contain untreated sewage that contain "pollutants" as that term is defined in CWA Section 502(6), 33 U.S.C. § 1362(6) and 327 IND. ADMIN. CODE 5-1.5-41.

36. During wet weather events, some of the sewage that *does* flow all the way to the WWTP is not treated, or is not fully treated, before being discharged from a single, designated outfall at the WWTP, "Outfall 035." Those discharges contain untreated sewage, or only

9

partially treated sewage, that contain "pollutants" as that term is defined in CWA Section 502(6), 33 U.S.C. § 1362(6) and 327 IND. ADMIN. CODE 5-1.5-41.

37. Defendant's WWTP Outfall 035 and 33 CSO outfalls are located on the St. Joseph River, Elkhart River, and Christiana Creek.

38. The St. Joseph River, Elkhart River, and Christiana Creek are "navigable waters" of the United States within the meaning of CWA Section 502(7), 33 U.S.C. § 1362(7), and "waters of the state" of Indiana as defined in IND. CODE § 13-11-2-265.

## FIRST CLAIM FOR RELIEF
### (Combined Sewer Overflows - Prohibited Dry Weather Discharges)

39. Paragraphs 1 through 38 are realleged and incorporated herein by reference.

40. On numerous occasions between March 15, 2004 and the present, defendant discharged pollutants, including without limitation untreated sewage, from designated CSO outfalls specified in Elkhart's NPDES permits, in violation of the prohibition against dry weather discharges contained in Part I.B of Attachment A of Elkhart's 1997 Permit and Part I.C of Attachment A of Elkhart's 2006 Permit.

41. Each such dry weather discharge on each day from each location constitutes a separate violation of the permit provisions described in the preceding Paragraph; a separate violation of CWA Section 301(a), 33 U.S.C. § 1311(a); and a separate violation of IND. CODE § 13-30-2-1 and 372 IND. ADMIN. CODE 5-2-2.

42. For each violation described in this Claim for Relief, defendant is subject to injunctive relief and civil penalties.

43. Unless enjoined by the Court, defendant will continue to violate CWA Section

301(a), 33 U.S.C. § 1311(a).

44. Unless enjoined by the Court, defendant will continue to violate IND. CODE § 13-30-2-1 and 372 IND. ADMIN. CODE 5-2-2.

## SECOND CLAIM FOR RELIEF
### (Combined Sewer Overflows that Contribute to Deleterious Conditions)

45. Paragraphs 1 through 38 are realleged and incorporated herein by reference.

46. On numerous occasions between March 15, 2004 and the present, defendant discharged pollutants, including without limitation untreated sewage, from designated CSO outfalls specified in Elkhart's NPDES permits in amounts and quality that violated Part I.A of Attachment A of the 1997 Permit and Part I.B of Attachment A of the 2006 Permit. Both the 1997 Permit and the 2006 Permit provide, among other things, that the discharge from any and all of the designated CSO outfalls shall not cause receiving waters to contain substances, materials, floating debris, or other pollutants that are in amounts sufficient to be deleterious or unsightly, or otherwise impair the designated uses.

47. Each discharge from any and all of the designated CSO outfalls that violated the terms of the Part I.A of Attachment A of the 1997 Permit and Part I.B of Attachment A of the 2006 Permit constitutes a separate violation of CWA Section 301(a), 33 U.S.C. § 1311(a), for each such discharge on each day from each CSO outfall.

48. Each such discharge on each day from each CSO outfall constitutes a separate violation of IND. CODE § 13-30-2-1 and 372 IND. ADMIN. CODE 5-2-2.

49. For each violation described in this Claim for Relief, defendant is subject to injunctive relief and civil penalties.

11

50. Unless enjoined by the Court, defendant will continue to violate CWA Section 301(a), 33 U.S.C. § 1311(a).

51. Unless enjoined by the Court, defendant will continue to violate IND. CODE § 13-30-2-1 and 372 IND. ADMIN. CODE 5-2-2.

### REQUEST FOR RELIEF

WHEREFORE, plaintiffs, United States of America and State of Indiana, respectfully request that this Court:

1. Issue a permanent injunction directing defendant to take all steps necessary to come into permanent and continuing compliance with all terms and conditions of defendant's NPDES permit and with CWA Section 301(a), 33 U.S.C. § 1311(a) including, without limitation:

    a. the conditions in defendant's NPDES permit prohibiting wet weather discharges of pollutants from CSO outfalls except as authorized by defendant's NPDES permit;

    b. the NPDES permit's prohibition of dry weather CSOs;

    c. the prohibition in CWA Section 301(a), 33 U.S.C. § 1311(a), on discharging pollutants without permit authorization;

2. Issue a permanent or temporary injunction ordering the Defendant to mitigate the past environmental harm caused by its violations of its NPDES permits, CWA Section 301(a), 33 U.S.C. § 1311(a), IND. CODE § 13-30-2-1, and 327 IND. ADMIN. CODE 5-2-2;

3. A judgment assessing civil penalties against defendant, and in favor of plaintiff United States of America, not to exceed $27,500 per day for each violation of the CWA which occurred after January 30, 1997 and on or before March 15, 2004, not to exceed $32,500 per day for each violation of the CWA which occurred after March 15, 2004 and on or before January 12,

2009, and not to exceed $37,500 per day for each violation of the CWA which occurred after January 12, 2009;

4. Issue a judgment assessing civil penalties against defendant, and in favor of plaintiff State of Indiana, not to exceed $25,000 per day for each violation of IND. CODE 13-18-4-5 which occurred;

5. Award plaintiffs United States of America and State of Indiana their costs and disbursements in this action; and

6. Grant such other relief as this Court deems appropriate.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

*Ignacia S. Moreno*

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

DAVID CAPP
United States Attorney
Northern District of Indiana

*Wayne T. Ault*

WAYNE T. AULT
Assistant United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
Telephone: 219-937-5500
Facsimile: 219-852-2770
Internet Address: Wayne.Ault@usdoj.gov

13

OF COUNSEL:

KATHLEEN KELLY SCHNIEDERS
Associate Regional Counsel
Office of Regional Counsel
Region 5
United States Environmental Protection Agency
77 West Jackson Boulevard (C-14J)
Chicago, Illinois 60604-3590

BRIAN JOFFE
Attorney Advisor
United States Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Ariel Rios Building (2243A)
Washington, D.C. 20460

FOR THE STATE OF INDIANA

GREGORY F. ZOELLER
Attorney General of Indiana

*Sierra L. Alberts*

SIERRA L. ALBERTS
Deputy Attorney General
Office of the Attorney General
Indiana Government Center South
302 West Washington Street
Indianapolis, Indiana 46204

OF COUNSEL:

ELIZABETH A. ADMIRE
Attorney
Indiana Department of Environmental Management
100 North Senate Avenue, Mail Code 60-01
Indianapolis, Indiana 46204